# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No.  6:07-cr-103-Orl-31KRS**

**WALLACE RAY SMITH (#7)**

_____

## ORDER

At trial, the Defendant, Wallace Smith, moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29.  The Court reserved ruling and the case was submitted to the jury, which returned a guilty verdict.  Thereafter, Defendant filed a memorandum in support of his motion (Doc. 221) and the government responded (Doc. 234).

In his motion, Defendant contends that the evidence against Smith (as contrasted with Bennett) is insufficient to sustain a conviction for conspiracy.  The government counters that accepting all reasonable inferences that support the jury's verdict, Smith was a knowing participant in the marijuana delivery.

It is true that the direct evidence against Smith is essentially non-existent.  While Smith was a passenger in the vehicle, Bennett was the driver and clearly the person "in charge" of the delivery. And while Smith's presence may be a factor, mere presence is not sufficient to support a conspiracy conviction. *United States v. Jenkins*, 779 F.2d 606, 609 (11th Cir. 1986).    The question thus becomes, what did Smith know and when did he know it?

During the early morning delivery on May 17th, Smith made only one statement that would implicate him.[1]  And, except for his presence, there is no direct evidence that he overheard the incriminating conversations between Bennett and the government agents.  Indeed, Smith checked into the hotel and went to bed while Bennett accompanied the agents to handle the unloading process.

However, later that morning, when the truck was returned, Smith made several incriminating statements.  Significantly, the following exchange occurred between Smith and the confidential source:

| | |
|---|---|
| CS: | [regarding the truck unloading] . . . it took us, because the two of us it took, it took us all night to unload that damn thing. . . ." |
| Smith: | (unintelligible) they, they, they know the truck, they, they know it stunk, they know it's full of shit . . . |
| CS: | Yeah it was loaded from the front, all the way to the back . . . |
| Bennett: | . . . money from ah, ah, ah the guy that had the truck. |
| CS: | Whose them other guys?  They come here with you? |
| Smith: | They ah, they follow us, straight behind us . . . |
| CS: | Ah, if something happens they speed away and get pulled over . . . |
| Smith: | Yeah, yeah, yeah, they get . . . (unintelligible) . . . like ah, I say, we, we, we . . . (unintelligible) . . . we're with them |
| CS: | How many trips you made in this thing? |
| Smith: | This is our first one . . . |

---

[1]CS:   ". . . what them other guys [the chase car] follow you?

Smith: "Yeah."
(Govt. X-3 @ pp. 15-16)

(Govt. X-4 @ p. 7)[2]

Furthermore, Smith made several statements to law enforcement at the time of the initial traffic stop and his arrest which differed from his testimony at trial.  Thus, there was sufficient evidence from which a jury could reasonably infer that Smith was aware of the illegal contraband being transported.

It is possible, of course, that Smith did not learn of the illegal nature of the delivery until after the fact and thus was not a knowing participant in the conspiracy.  But, there is nothing in the record that supports this hypothesis.

In sum, having reviewed the evidence presented to the jury, the Court concludes that, resolving all reasonable inferences in the government's favor, sufficient evidence was presented to support the jury's guilty verdict.  It is, therefore

**ORDERED** that Defendant's *ore tenus* Motion for Acquittal is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 2, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
**Wallace Ray Smith (#7)**

---

[2]Somewhat later, Smith also acknowledged the CS's statement that "That whole fuckin' bed had to come out, it was a pain in the ass." (Govt. X-4 @ p. 9).